IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELICITA SANCHEZ-GARCIA : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION |
| UNITED STATES, et al., : | |
| Defendant/Third-Party Plaintiff : | |
| : | |
| v. : | NO. 17-5387 |
| : | |
| TACONY 19135, LLC and : | |
| CITY OF PHILADELPHIA, : | |
| Third-Party Defendants. : | |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                          March 13, 2019

Presently before this Court on this 13th day of March, 2019, is Plaintiff's Motion to Enforce Settlement. (Doc. No. 27). The motion was referred to this Court by the Honorable Michael M. Baylson on February 15, 2019. (Doc. No. 30). Upon consideration of the motion and all briefs in support, and for reasons that follow, we will grant Plaintiff's motion in part and deny it in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

On January 2, 2015, Felicita Sanchez-Garcia ("Plaintiff") slipped and fell on the sidewalk in front of a Post Office in the Tacony area of Philadelphia. (Doc. No. 27). Plaintiff asserts that the

---

[1] The factual background of this Order is based upon information provided in Plaintiff's Motion to Enforce Settlement, with appended exhibits, submitted on Nov. 1, 2018 (Doc. No. 27); the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, with appended exhibits, submitted on Nov. 1, 2018 (Doc. No. 27); Plaintiff's Memorandum of Law in Support of Motion to Enforce Settlement, with appended exhibits, submitted on Nov. 1, 2018 (Doc. No. 27-1); and Defendant/Third-Party Plaintiff United States of America's Response to Plaintiff's Motion to Enforce Settlement, with appended exhibits, submitted on Nov. 15, 2018 (Doc. No. 28).

property was maintained and controlled by the United States Postal Service ("USPS") at the time of the fall. On December 1, 2017, following completion of the administrative process under the Federal Tort Claims Act ("FTCA"), Plaintiff filed a complaint in this Court asserting a single count of negligence against the United States ("U.S.") under the FTCA. (Doc. No. 1). The case was assigned to The Honorable Michael M. Baylson. On January 30, 2018, following service of the complaint, the U.S. filed a third party complaint against the USPS landlord, Tacony 19135, LLC, and the City of Philadelphia. (Doc. No. 28).

The parties participated in a settlement conference before me on May 25, 2018. (Doc. No. 18). Although the parties did not reach a resolution on that day, an apparent agreement was reached shortly thereafter where Plaintiff agreed to provide releases based on the asserted claims in exchange for a $17,500 payment from the U.S. and a $57,500 payment from Tacony. (Doc. No. 28).

A dispute has arisen over the language of the release drafted by the U.S. The dispute concerns paragraphs 9 and 16 of the Settlement Agreement, as well as the signature line for Plaintiff's counsel on the signature page. Paragraph 9, in accord with 28 U.S.C. § 2678, provides that Plaintiff's attorneys' fees for services rendered in connection will not exceed 25% of the $17,500 sum to be paid by the U.S. (Doc. No. 28). Paragraph 16 provided:

> Plaintiff and her attorneys agree that any tax liabilities resulting from receipt of the settlement amount will be the sole responsibility of the plaintiff and her attorneys. This Stipulation for Compromise Settlement and Release is executed without reliance upon any representation by defendant United States as to the tax consequences of the settlement amount.

2

(Doc. No. 27). The Settlement Agreement provides, and counsel of the U.S. insists that there be, a signature line for Plaintiff's attorney.

Plaintiff's counsel disagrees, has refused to sign the agreement, and insists that the U.S. remove any reference in the document to tax consequences to be borne by Plaintiff's attorney. (Doc. No. 27). After some discussions between the parties, the language of paragraph 16 was amended to:

> Compliance with all applicable Federal, state, and local tax requirements shall be the sole responsibility of Plaintiff. This Stipulation is executed without reliance upon any representation by the United States as to tax consequences, and Plaintiff is responsible for the payment of all taxes that may be associated with the settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount.

(Doc. No. 28). The amended Settlement Agreement still provided paragraph 9 stated above, and a signature line for Plaintiff's attorney. (Id.). In email discussions between the parties, the U.S. noted that it has a responsibility to ensure that Plaintiff's counsel is compliant with the FTCA regarding the cap on any contingent fees. (Id.). Plaintiff's counsel responded that they are aware of the requirement and will not seek fees in excess of the legal limit. (Id.).

Plaintiff's counsel asserted that he cannot be bound to sign the agreement, and that he will not do so. The U.S. stated that it would not remove this requirement from the Agreement terms, and that Plaintiff's counsel could either sign the Agreement as is, or accept a payment made to Plaintiff only. Having reached this apparent impasse, Plaintiff filed this motion asking the Court to enforce the amended Settlement Agreement as is without a signature from Plaintiff's counsel and to order the U.S. to issue the settlement amount to Plaintiff's counsel. Plaintiff's counsel also asks the court to award an additional $1,500 in attorney's fees for the filing of this motion. The

U.S. asks the court to order Plaintiff's counsel to sign the agreement, or, in the alternative, to order that the settlement check be issued with only Plaintiff's name.

## II. LEGAL STANDARDS

The Third Circuit has held that state law governs settlement agreements with the U.S. *See, e.g., A.P. ex rel. Phinisee v. U.S.*, 556 F. App'x 132, 136 (3d Cir. 2014) (Holding that settlement agreements "to which the Government happens to be a party" are separate from effective federal government contracts). A settlement agreement is essentially a contract where the ordinary principals of contract law apply. *Mazzella v. Koken*, 559 Pa. 216, 739 A.2d 531, 536 (Pa.1999). To be enforceable, the agreement must possess all of the elements of a valid contract. *Id.*

As with any contract, it is essential that there be a meeting of the minds as to the subject matter of the agreement and all of its essential terms. *Id.* It is well established in Pennsylvania that where the parties have settled upon those essential terms and the only remaining act is the formalization of the agreement in writing, the agreement can still be enforced. *Field v. Golden Triangle Broad.*, 451 Pa. 410, 305 A.2d 689, 694 (Pa. 1973); *see also* Restatement (Second) of Contracts § 26. The Third Circuit has held that, in certain cases, an agreement to settle all claims between the parties for a monetary payment can, standing alone, establish the "essential terms" of a settlement agreement. *Fazio v. JC Penney*, 387 F. App'x 252, 254 (3d Cir. 2010). The fact that one of the parties subsequently refuses to sign the agreement will not preclude its enforcement. *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970) ("An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing."); *see also Main Line Theaters, Inc. v. Paramount Film*

4

*Distrib. Corp.*, 298 F.2d 801, 803 (3d Cir. 1962); *Pugh v. Super Fresh Food Markets, Inc.*, 640 F.Supp. 1306, 1307 (E.D.Pa. 1986).

Generally, "attorney's fees and costs are not recoverable and, unless specifically authorized by statute, are awarded only in extraordinary cases." *Alyeska Pipeline Service Co. v. The Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Courts have discretion to award fees when a party willfully disobeys a court order or when they act in bad faith. *Snyder v. Lowes Home Centers, Inc.*, 2014 WL 1910240, at *2 (E.D. Pa. May 12, 2014)

### III. DISCUSSION

Plaintiff's counsel asserts that he is not a party to the Settlement Agreement and made no personal representations regarding tax consequences during the settlement conference. Further, Plaintiff's counsel argues that there is no legal authority which would obligate him to sign the Settlement Agreement.

The U.S. does not assert any factual disagreement with these points and concedes that it was also unable to "locate any case law that requires a plaintiff's attorney to sign an FTCA settlement agreement." It argues, however, that policy reasons exist which support a holding in favor of ordering Plaintiff's attorney to sign the settlement agreement. First, the U.S. argues that it has a responsibility to ensure compliance with the FTCA. Further, the U.S. notes that there is no provision in the FTCA that provides for this aspect of relief. Thus, Plaintiff's attorney should sign the Settlement Agreement so they are aware of the FTCA's requirements.

As previously stated, where the essential terms of an agreement are established and all that remains is formalizing the terms of the agreement in writing, the agreement can still be enforced. *Field v. Golden Triangle Broad.*, 451 Pa. 410, 305 A.2d 689, 694 (Pa. 1973); *see also* Restatement (Second) of Contracts § 26. The Third Circuit has held that, in certain cases, an agreement to settle

5

all claims between the parties for a monetary payment can sufficiently establish the "essential terms" of a settlement agreement. *Fazio v. JC Penney*, 387 F. App'x 252, 254 (3d Cir. 2010). Here, the parties agreed on the amount to be paid by the U.S. and Tacony, and agreed that all claims were "settled" between all parties. The email chains between the parties show that there were no other essential terms to be resolved. This court therefore finds that Plaintiff's attorney's signature on the Settlement Agreement was not an essential term, and the amended Settlement Agreement is enforceable between the parties, even without a signature from Plaintiff's attorney.

Even if the signature of Plaintiff's attorney was essential, as the U.S. argues, the issue was not raised until all other essential terms to the settlement agreement had been resolved. A contract was formed when the U.S. agreed to the settlement amount without any mention of Plaintiff's attorney's signature. If an attorney's signature was essential to the Settlement Agreement, the U.S. bore the responsibility of raising the issue during negotiation of the Settlement Agreement.

This leaves us with the next question, which is whether the U.S. is obligated to protect the interest of Plaintiff's counsel by including his name on the check. We acknowledge that normally the settlement terms of any personal injury case provides protection for Plaintiff's counsel to acknowledge the effort on Plaintiff's behalf to establish the settlement amount. This is a legitimate interest that is normally protected. We have an understanding from counsel for Plaintiff that his client acknowledges that interest and shall honor whatever contract she has with counsel, that counsel be entitled to the fee, and payment of costs provided by the contract call for 25% of the $17,500 sum provided for by the FTCA. Plaintiff's counsel does not argue that Plaintiff may not,

or may be unable to, pay the full amount under the contract. We therefore find no grounds, within this particular set of facts, to predicate payment of the settlement amount from the U.S. to Plaintiff on inclusion of Plaintiff's counsel's name on the settlement check.

Finally, Plaintiff's counsel asserts that they should be awarded attorney's fees for work associated with this motion. This Court is not persuaded that the United States acted in bad faith. The communications between the parties show a genuine attempt to settle what the United States viewed as an essential term to the Settlement Agreement. Plaintiff's counsel is therefore not entitled to attorney's fees related to this motion.

## IV. CONCLUSION

Defendant United States shall pay the agreed-upon settlement amount directly to Sanchez-Garcia, whose counsel shall not be required to sign the agreement. Ms. Sanchez-Garcia shall see that her attorney is properly compensated in full compliance with the FTCA and with the fee agreement between herself and counsel. All parties shall nonetheless be bound by the terms of the amended Settlement Agreement. An appropriate order follows.

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE